UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

MICHAEL SMITH,                    :
                                  :
          Petitioner,             :
                                  :
V.                                :      CASE No. 3:16-cv-2014(RNC)
                                  :
UNITED STATES,                    :
                                  :
          Respondent.             :

                           RULING AND ORDER

Petitioner Michael Smith, a federal inmate, brings this action pro se under 28 U.S.C. § 2255. He claims the evidence is insufficient to support his conviction, the government presented perjured testimony, he was denied the right to confront witnesses against him, and his counsel was constitutionally ineffective. The Government argues that the claims should be dismissed without a hearing because they were rejected on appeal and lack merit. I agree and therefore deny the petition.

I. Background

Smith was the subject of a wiretap investigation that confirmed his leadership role in a drug distribution conspiracy. He was indicted on one count of possession with intent to distribute cocaine and one count of conspiracy to distribute and to possess with intent to distribute 280 grams or more of cocaine base and five kilograms or more of cocaine. The case was tried

1

to a jury. The evidence showed that Smith frequently purchased wholesale quantities of cocaine and cocaine base ("crack") for resale to street sellers, some of whom were co-defendants.

Smith moved for a judgment of acquittal at the close of the government's case and again after the close of the evidence on the ground that the evidence was insufficient to support a guilty verdict. Both motions were denied.

The verdict form contained a series of questions. The form required the jury to state whether the government had proven the two elements of the conspiracy charge beyond a reasonable doubt. The form stated that if the government had met this burden, the jury would have to answer questions concerning drug type and quantity.

The jury was instructed that a quantity of drugs was attributable to Smith if during the existence of the conspiracy and in furtherance of its unlawful objectives, he and a co-conspirator engaged in a transaction involving that quantity or other conspirators engaged in a transaction involving that quantity and it was reasonably foreseeable to Smith that they would do so.

The jury convicted Smith on the conspiracy charge (as well as the possession charge) and found that his acts in furtherance of the conspiracy and the reasonably foreseeable acts of others made him responsible for 280 grams or more of cocaine base and 500 grams or more of cocaine.

Smith filed a post-trial motion for acquittal or for a new trial challenging the sufficiency of the evidence as to the amount of cocaine base attributable to him under the conspiracy count. See Motion for Acquittal, United States v. Smith, 3:12-cr-105 (D. Conn.) (ECF No. 1152). The motion was denied and Smith was sentenced to ten years' imprisonment, the mandatory minimum required by the jury's verdict. See 21 U.S.C. § 841(b)(1)(A) (ten-year mandatory minimum for 280 grams or more of cocaine base).

Smith appealed both his conviction and sentence. He was represented on appeal by the same counsel who represented him at trial. He claimed that a motion to suppress wiretap evidence should have been granted. He also claimed that his motions for acquittal based on the insufficiency of the evidence should have been granted. App.'s Brief at 26-33, United States v. Smith, No. 14-2801 (2d Cir.) (ECF No. 27). Though his main brief limited

the insufficiency claim to the government's proof of drug quantity, id., his reply brief included a broader argument contesting the sufficiency of the evidence to prove that he engaged in a conspiracy involving any quantity. See App.'s Reply at 3-14, id. (ECF No. 51).

The Court of Appeals affirmed. United States v. Smith, 629 F. App'x 57 (2d Cir. 2015). The Court expressly rejected Smith's argument that the evidence is insufficient to support the jury's verdict regarding drug quantity. Id. at 58-59. At the conclusion of the opinion, the Court stated, "[w]e have considered all of Smith's arguments and find them to be without merit." Id. at 60.

Smith claims that he asked his counsel to file a petition for rehearing en banc and a petition for a writ of certiorari but his counsel failed to comply with his requests. He filed a pro se petition for a writ of certiorari, which was denied. Smith v. United States, 136 S. Ct. 1684 (Apr. 18, 2016).

II. Legal Standards

To obtain relief under § 2255, a petitioner must show that his "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. A claim is

4

cognizable under § 2255 if it involves a "fundamental defect which inherently results in a complete miscarriage of justice." Davis v. Hill, 417 U.S. 333, 346 (1974) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). Pursuant to the "mandate rule," a § 2255 motion generally does not provide an opportunity to relitigate issues that were raised and considered on direct appeal. Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010). The mandate rule also "precludes re-litigation of issues impliedly resolved by the appellate court's mandate." Id. (citing United States v. Ben Zvi, 242 F.3d 89, 95 (2d Cir. 2001)). In addition, if a petitioner failed to raise a claim that was ripe for review on direct appeal, the claim is procedurally barred unless he "establishes (1) cause for the procedural default and ensuing prejudice or (2) actual innocence." United States v. Thorn, 659 F.3d 227, 231 (2d Cir. 2011).

III. Discussion

Smith claims that (1) the government presented insufficient evidence to convict him on the conspiracy count; (2) the government knowingly presented perjured testimony by an investigative officer; (3) he was denied his right to confront witnesses against him when the government and his counsel failed

5

to call an investigative officer;[1] and (4) his trial and appellate counsel provided ineffective assistance. These claims are unavailing for the reasons set forth below.

*A. Insufficient Evidence*

Smith claims that the evidence is insufficient to support the conspiracy conviction. As just mentioned, Smith made this argument to the Court of Appeals in his reply brief. The Court's opinion can be interpreted to include an express rejection of the claim. See Smith, 629 F. App'x at 59 ("Given the evidence presented to the jury, the argument that the evidence was insufficient to show that *Smith conspired* to distribute 280 grams of cocaine base and 500 grams of cocaine is not persuasive." (emphasis added)). At a minimum, the issue was impliedly resolved against Smith.

To determine whether an issue has been impliedly resolved, courts "look to both the specific dictates of the remand order as well as the broader spirit of the mandate." Ben Zvi, 242 F.3d at 95. The mandate rule bars relitigation when "the factual predicates of [different] claims, while not explicitly rejected

---

[1] It is not clear from Smith's submissions whether his Confrontation Clause argument asserts a separate claim or is part of his ineffective assistance claim. Given Smith's pro se status, his submissions are construed to include two separate claims.

on direct appeal, were nonetheless impliedly rejected by the appellate court mandate." Yick Man Mui, 614 F.3d at 53.

Here, the Court expressly rejected Smith's argument that the evidence is insufficient to support the jury's verdict regarding drug quantity. The Court's ruling impliedly rejected Smith's argument that the evidence is insufficient to prove his involvement in a conspiracy involving any quantity. Smith could not be held accountable for 280 grams of cocaine base and 500 grams of cocaine unless the evidence established that those quantities were distributed by him or others in furtherance of the conspiracy.

If the Court of Appeals did not resolve Smith's insufficiency claim, the claim is barred because he failed to properly raise it on appeal and has not shown cause and prejudice to excuse the procedural default.[2] Demonstrating "cause" requires a showing that "some objective factor external to the defense impeded counsel's efforts" to raise the claim. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Smith offers no explanation for why the insufficiency claim concerning the conspiracy

---

[2] Because Smith merely disputes the legal sufficiency of the evidence against him, he has not established an actual innocence claim that would excuse the procedural default. See Bousley v. United States, 523 U.S. 614, 623 (1998) ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency.").

7

conviction was not raised in his main brief on appeal. Nor does he explain how the omission prejudiced him. Instead, he merely repeats his argument that the evidence is insufficient. See Pet.'s Reply at 3 (ECF No. 7) ("[T]he insufficient evidence is the cause and prejudice of this verdict.").[3]

Putting aside the mandate rule and Smith's procedural default, Smith's challenge to the sufficiency of the evidence supporting the conspiracy conviction is unavailing on the merits. Smith contends that the evidence proves nothing more than a seller-buyer relationship between him and his buyers. As the government has demonstrated, however, the evidence proves that Smith shared an interest with his buyers in furthering resales, which is sufficient to support the conspiracy conviction. See Gov't Resp. at 20-33 (ECF No. 6) (discussing intercepted wire communications and physical surveillance showing an ongoing relationship between Smith and his buyer-distributors, including the use of coded language, sales on credit, assistance in

---

[3] Smith does suggest that his counsel was ineffective in failing to preserve this claim. See Pet.'s Motion at 27 (ECF No. 1). Such a showing could excuse the procedural default. United States v. Perez, 129 F.3d 255, 261 (2d Cir. 1997) ("A defendant may raise [defaulted] claims where the issues were not raised at all on direct appeal due to ineffective assistance of counsel." (quotation omitted)). But Smith fails to elaborate on this claim and, as discussed below, he has not shown that his counsel rendered ineffective assistance.

preparing drugs, and discussions about lower-level personnel); see also United States v. Parker, 554 F.3d 230, 235 (2d Cir. 2009) ("[I]f the evidence supports a finding that the seller shared with the buyer an interest in furthering resale by the buyer, the seller and buyer may be found to be in a conspiratorial agreement to further the buyer's resales.").

    *B. Perjured Testimony*

Smith claims that the government introduced perjured testimony in violation of his due process rights. Due process is violated when the government "knowingly uses false evidence, including false testimony, to obtain a tainted conviction." Napue v. People of State of Illinois, 360 U.S. 264, 269 (1959). Smith did not raise this claim on appeal. The government has not raised the procedural default, however, so I address the merits of the claim.

The testimony at issue was given by Officer David Rivera, who arrested one of Smith's co-defendants, Tyrell Gary, following a traffic stop. See Tr. Transcript at Vol. III, 572-80. Prior to the stop, Gary texted Smith asking for a quantity of cocaine and subsequently met with Smith. Officers investigating Smith were aware of these facts as a result of a wiretap and surveillance. When Gary drove away after his meeting with Smith, Rivera followed in a marked police cruiser and initiated a

9

traffic stop.  Gary fled and tossed "white chunks" from his car before he was eventually stopped by Rivera.  Laboratory analysis confirmed that the "white chunks" contained cocaine.

Rivera testified that after the traffic stop, he created two reports: one for the Drug Enforcement Administration ("DEA") and one for the New Haven Police Department ("NHPD").  The DEA report accurately describes the details of the drug enforcement operation, including the wire intercepts and surveillance that led to the stop, but the NHPD report states that Rivera was engaged in "motor vehicle enforcement" at the time.  Rivera testified that he did not want the NHPD report to reveal the wiretap investigation, which was ongoing.  On cross examination, he acknowledged that the NHPD report's statement about conducting "motor vehicle enforcement" was false.  Smith's counsel also asked him about a statement in the report that a field test confirmed the presence of "crack cocaine."  While the field test could detect cocaine, it could not distinguish between crack cocaine and cocaine powder.  Rivera stated that he wrote "crack cocaine" based on his knowledge of the appearance of crack cocaine.

Smith seems to suggest that the entries in the NHPD report just discussed support a perjury claim.  However, Rivera explained why he wrote the entries and there is no claim that his

explanation is false.  Moreover, a habeas petitioner cannot prevail on a perjury claim unless (1) the prosecution knew, or should have known, of the perjury and (2) there is a reasonable likelihood the perjury affected the judgment of the jury.  Drake v. Portuondo, 321 F.3d 338, 345 (2d Cir. 2003).  Neither requirement is met in this case.  Smith has not identified any testimony that the government knew or should have known was false.  Nor has he shown that any such testimony tainted the verdict.

*C. Confrontation Clause*

Smith claims that the admission of certain physical evidence violated his Sixth Amendment right to confront witnesses against him.  As with the perjury claim, he did not present this claim on appeal but the government has not raised his procedural default so I address the merits of the claim.

Smith's claim involves 6.6 grams of cocaine that he sold to a confidential witness ("CW").  The CW was driven to the transaction by undercover Officer Dedric Jones.  Officer Rivera and Special Agent Erik Ndrenkia provided surveillance.  Ndrenkia testified that he saw the CW engage in the transaction then return to the vehicle operated by Jones.  See Tr. Transcript Vol. III, at 279-81, 305-13.  Rivera testified that they then followed Jones's car to a prearranged location.  See Tr. Transcript Vol.

III, at 546-54. After a pat-down search and debriefing, the CW left and the officers drove back to their office. At the office, Jones "relinquished" the cocaine to Rivera, and Rivera processed it as an exhibit. Jones did not testify at the trial.

"The Confrontation Clause prohibits admission at trial of out-of-court testimonial statements against a criminal defendant unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine him." Washington v. Griffin, 876 F.3d 395, 403-04 (2d Cir. 2017) (citing Crawford v. Washington, 541 U.S. 36, 68 (2004)). Smith has not identified any out-of-court testimonial statements that were admitted into evidence. His claim seems to be predicated on the admission of the cocaine in the absence of testimony by Jones. But the evidence does not include a testimonial statement by Jones concerning the cocaine that would implicate the Confrontation Clause.[4]

*D. Ineffective Assistance of Counsel*

Smith claims that, for various reasons, he received ineffective assistance of counsel in violation of the Sixth Amendment. None of his arguments provides a basis for relief.

---

[4] Compare Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009) (sworn and notarized lab report affirming that sample was determined to be cocaine is testimonial statement), with Williams v. Illinois, 567 U.S. 50, 72-75 (2012) (state DNA expert may testify regarding informal notations made by third party lab technicians despite lack of personal knowledge about testing and no testimony by technicians).

12

To obtain relief on an ineffective assistance of counsel claim, Smith must demonstrate that (1) his counsel's performance fell below an objective standard of reasonableness and (2) he suffered prejudice as a result. Strickland v. Washington, 466 U.S. 668, 694 (1984). To show that his counsel's performance was constitutionally deficient, Smith must overcome the "strong presumption" that his counsel's "conduct falls within the wide range of professionally competent assistance." Id. at 689. To show prejudice, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Smith argues that his counsel was ineffective in failing to call Jones as a witness at trial. He claims that Jones's testimony would have "confirmed the fact that Mr. Smith did not participate in the actual transaction of the 6.6 grams." According to Smith, "it is highly likely that Officer Jones would have testified that he did not actually search the female CW, who allegedly bought the drugs from Mr. Smith and Officer Jones did not know where those 6.6 grams of cocaine base came from."

That Jones was not called to testify does not provide a basis for an ineffective assistance claim. "[T]he tactical decision of whether to call specific witnesses — even ones that might offer exculpatory evidence — is ordinarily not viewed as a

13

lapse in professional representation." United States v. Schmidt, 105 F.3d 82, 90 (2d Cir. 1997). Smith's assertions regarding what Jones would have said if called as a witness are speculative and belied by the testimony of the other officers who were involved in the controlled purchase. See Jordan v. United States, 190 F. Supp. 3d 331, 337 (W.D.N.Y. 2016) ("[I]neffective assistance of counsel claims based on the failure to call witnesses are disfavored precisely because allegations of what a witness would have testified are largely speculative." (quotation omitted)). Smith's counsel could reasonably think that Jones's testimony would be consistent with the testimony of the other officers. Smith offers no evidence to the contrary. Moreover, Smith's bare assertion that Jones would have provided exculpatory evidence does not establish a reasonable probability that the outcome of his trial would have been different.

Smith also claims that his counsel was ineffective for failing to file a petition for rehearing and a writ of certiorari as he requested. It is unreasonable for a lawyer to disregard a defendant's specific instructions to file a notice of appeal because the failure to do so "deprives the defendant of his right to a direct appeal whatever the merits of the appeal." Garcia v. United States, 278 F.3d 134, 137 (2d Cir. 2002). But this rule does not extend to petitions for rehearing or writs of

14

certiorari. See Pena v. United States, 534 F.3d 92, 95 (2d Cir. 2008) (denying ineffective assistance claim regarding writ of certiorari); United States v. Smith, No. 1:04-cr-93-jgm-2, 2011 WL 1211561, at *7 (D. Vt. Mar. 29, 2011) (denying ineffective assistance claim regarding rehearing en banc).

Smith also suggests that his counsel was ineffective in failing to "preserve his legal sufficiency and Confrontation Clause claims."[5] He does not explain how his counsel's failure to preserve the claims constituted deficient performance or prejudiced his defense and it is apparent that he cannot satisfy either requirement.

With regard to the "legal sufficiency" claim, Smith's position appears to be that his counsel was ineffective in failing to appeal on the ground that the evidence is insufficient to support the conspiracy conviction. As discussed above, the evidence is sufficient. Even assuming Smith's counsel could make a non-frivolous argument that the evidence is insufficient, failure to raise the argument in the main brief did not constitute deficient performance. Moreover, there is no reasonable probability that if the argument had been raised in

---

[5] Smith also suggests that his counsel should have requested a "circumstantial evidence" charge to the jury. But the jury was given instructions on circumstantial evidence and Smith does not identify any error in the instructions.

the main brief the outcome of the appeal would have been different.

IV. Certificate of Appealability

In a proceeding under § 2255, a certificate of appealability may issue "only if the applicant has made a substantial showing of a denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). Under this standard, a certificate of appealability will not issue unless jurists of reason could debate whether the petition should have been resolved in a different manner or the issues are adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner has not made this showing, so a certificate of appealability will not issue.

IV. Conclusion

Accordingly, petitioner's § 2255 motion is hereby denied. The Court declines to issue a certificate of appealability. The Clerk will enter judgment dismissing the action.

So ordered this 7th day of February 2018.

/s/RNC
Robert N. Chatigny
United States District Judge